UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE PROCTER & GAMBLE COMPANY, Plaintiff, - against - XETAL, INC. d/b/a APO HEALTH, INC. and UNIVERSAL MEDICAL DISTRIBUTORS, INC.; ATM, INC.; TRANS CUSTOMS SERVICES; BROTHERS TRADING CO., INC. d/b/a VICTORY WHOLESALE GROCERS a/k/a SK-TORS; and JOHN DOES 1-50, Defendants. | 04 Civ.___ CV 04 2820 Complaint Plaintiff Demands Trial by Jury HURLEY, J. WALL, M.J. |

Plaintiff, The Procter & Gamble Company, by its attorneys, Kramer Levin Naftalis & Frankel LLP and Fulbright & Jaworski LLP, for its complaint against defendants, Xetal, Inc. doing business as APO Health, Inc. and Universal Medical Distributors, Inc. (collectively, "APO"), ATM, Inc. ("ATM"), Trans Customs Services ("TCS"), Brothers Trading Co. doing business as Victory Wholesale Grocers also known as SK-Tors (collectively, "Victory") and John Does 1-50, alleges as follows:

## The Nature of the Action

1. Plaintiff The Procter & Gamble Company ("Procter & Gamble") is a distributor of world-renowned high-quality consumer products sold under various registered trademarks, including "Pantene" and "Head & Shoulders." These trademarks have become extremely valuable as a result of Procter & Gamble's substantial marketing efforts and the tremendous public acceptance of products bearing those distinctive marks. For example, since 1999, Procter & Gamble has spent more than $980 million dollars advertising Pantene and has

achieved sales of that product well in excess of $3 billion dollars. Similarly, during that same period, Procter & Gamble has spent more than $286 million dollars advertising Head & Shoulders and has achieved sales of that product well in excess of $1 billion dollars.

2. Defendant APO is a distributor of health and beauty aid products based in Oceanside, New York. It purchased large quantities of inferior-quality counterfeit Pantene from defendant ATM and sold those products to at least one other distributor in New York. APO shipped these counterfeit products to New York through defendant TCS. Defendant Victory, another distributor of health and beauty aid products, also sold large quantities of inferior-quality counterfeit Pantene and Head & Shoulders to at least one nationwide retail pharmacy chain with stores in New York. These sales have irreparably harmed Procter & Gamble's reputation and have defrauded the purchasing public.

3. This action seeks injunctive and monetary relief, including treble damages, costs, attorneys fees, profits and pre-judgment and post-judgment interest, for false descriptions and false designations of origin in commerce in violation of Section 43 of the Lanham Trademark Act (15 U.S.C. § 1125) and New York General Business Law Section 349, for trademark infringement in violation of Section 32 of the Lanham Trademark Act (15 U.S.C. § 1114), for dilution of mark in violation of Section 43 of the Lanham Trademark Act (15 U.S.C. § 1125) and New York General Business Law Section 360-l, and for unjust enrichment and unfair competition in violation of New York common law.

Jurisdiction and Venue

4. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338 and 1367 and general principles of ancillary and pendent jurisdiction.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

6. Plaintiff Procter & Gamble is a corporation organized under the laws of the State of Ohio. Its principal place of business is in Cincinnati, Ohio.

7. Defendant APO is headquartered in Oceanside, New York. Personal jurisdiction is proper over APO pursuant to Fed. R. Civ. P. Rule 4(k)(1) and N.Y.C.P.L.R. §§ 301 and 302.

8. Upon information and belief, defendant ATM's principal place of business is in Curacao. Its sale of large quantities of low-quality counterfeit Pantene in the United States has had a substantial impact on interstate commerce. Personal jurisdiction is proper over ATM pursuant to Fed. R. Civ. P. Rule 4(k)(1) and (2) and N.Y.C.P.L.R. § 302.

9. Defendant TCS maintains a place of business in Miami, Florida. Personal jurisdiction is proper over TCS pursuant to Fed. R. Civ. P. Rule 4(k)(1) and N.Y.C.P.L.R. § 302.

10. Defendant Victory's principal place of business is in Springboro, Ohio. Personal jurisdiction is proper over Victory pursuant to Fed. R. Civ. P. Rule 4(k)(1) and N.Y.C.P.L.R. §§ 301 and/or 302.

11. Defendants John Does 1-50 are individuals and business entities, whose identities are presently unknown to Procter & Gamble, who participated in the manufacture, sale or distribution of the counterfeit Pantene and/or Head & Shoulders. To the extent their identities

become known to Procter & Gamble, those defendants will be joined and the acts in which they engaged will be pleaded in an amended complaint.

## The Facts

Procter & Gamble's
World-Renowned Trademarks

12. Procter & Gamble is the owner of various incontestable federal trademark registrations for the name "Pantene" and for certain aspects of the Pantene trade dress Those trademarks include Registration No. 1,484,935 registered in the Principal Register on April 19, 1988, Registration No. 638,163 registered in the Principal Register on December 4, 1956 and renewed on December 4, 1976 and then again in 1996, Registration No. 1,005,694 registered in the Principal Register on March 4, 1975 and renewed on March 4, 1995, Registration No. 1,491,844 registered in the Principal Register on June 14, 1988 and Registration No. 2,207,500 registered in the Principal Register on December 1, 1998. Procter & Gamble also has a pending application for the name "Pantene Sheer Volume."

13. Procter & Gamble is also the owner of various federal trademark registrations for certain aspects of the Pantene Pro-V trade dress. Those registrations include Registration No. 2,757,654 registered in the Principal Register on August 26, 2003 and Registration No. 2,447,036 registered in the Principal Register on April 24, 2001.

14. Procter & Gamble is also the owner of various incontestable federal trademark registrations for the name "Pro-V." Those registrations include Registration No. 1,822,234 registered in the Princpal Register on February 22, 1994 and renewed on April 6, 2004, and Registration No. 1,719,290 registered in the Principal Register on September 22, 1992 and renewed in 2002. Procter & Gamble is also the owner of two additional federal trademark

registrations for certain aspects of the "Pro-V" trade dress. Those include Registration No. 2,447,037 registered in the Principal Register on April 24, 2001 and Registration No. 2,796,187 registered in the Principal Register on December 16, 2003.

15. In addition, Procter & Gamble owns trademark registrations for the name "Pantene" in the Netherland Antilles, which includes Curacao.

16. Procter & Gamble is the owner of various incontestable federal trademark registrations for the name "Head & Shoulders." Those trademarks include Registration No. 729,556 registered in the Principal Register on April 3, 1962 and renewed on April 3, 1982 and then again in 2002, and Registration No. 1,653,440 registered in the Principal Register on August 13, 1991 and renewed in 2001. Procter & Gamble is also the owner of Registration No. 2,791,735 registered in the Principal Register on December 9, 2003, which is a federal trademark registration for certain aspects of the "Head & Shoulders" trade dress.

17. In addition, Procter & Gamble also owns trademark registrations for the name "Head & Shoulders in the Netherland Antilles, which includes Curacao.

18. Procter & Gamble has spent and continues to spend large sums of money marketing and selling in interstate commerce Pantene and Head & Shoulders shampoo packaged in high-quality bottles bearing its trademarks and trade dress. As a result of the extensive advertising of Pantene and Head & Shoulders in connection with the Procter & Gamble trademarks, the widespread sale of Pantene and Head & Shoulders and the celebrity that the Pantene, Pantene Pro-V, Pro-V and Head & Shoulders trademarks and trade dress have achieved, shampoo bearing the Pantene, Pantene Pro-V, Pro-V and Head & Shoulders trademark and trade dress has been and is now recognized by the public and in the trade as originating from a single source, Procter & Gamble.

19. Pantene and Head & Shoulders bearing the Procter & Gamble registered trademarks and trade dress have come to be known by the purchasing public throughout the United States as shampoo of the highest quality. As a result, the Procter & Gamble trademarks and trade dress, and the goodwill associated with them, are of inestimable value to Procter & Gamble.

20. Procter & Gamble has engaged and continues to engage in interstate activities designed to promote Pantene and Head & Shoulders and the business and goodwill associated with each of its trademarks and to expand the use and reputation of its trademarks, trade dress, logos and property in the state of New York and throughout the United States.

The Counterfeit Pantene Sold by
Defendants APO, ATM and TCS

21. In or around June 1, 2004, Quality King Distributors Inc. ("Quality King"), a distributor of health care and beauty aid products based in Suffolk County, New York, alerted Procter & Gamble that it had received a shipment from APO of 91 pallets of Pantene Pro-V Shampoo Hydrating Curls and Pantene Pro-V Classic Clean, which it believed might be counterfeit, and invited Procter & Gamble to test these products. According to the invoices, these products were shipped to Quality King from TCS on behalf of APO. Procter & Gamble later learned that APO had purchased these products from ATM.

22. Based on an on-site inspection of the packaging, Procter & Gamble representatives were able to determine that the products are counterfeit. In addition, chemical analysis later confirmed that the liquid contained in the counterfeit Pantene bottles is also counterfeit.

23. Based on the condition of the packaging, the poor quality of the shampoo and the pricing, it is likely that APO, ATM and TCS either knew that the products were counterfeit or, at a minimum, were willfully blind to the facts and failed to make diligent inquiry.

The Counterfeit Pantene and Head & Shoulders Sold by Defendant Victory

24. On March 26, 2004, Procter & Gamble received a customer complaint through its toll-free consumer hotline concerning a bottle of Pantene Pro-V Smooth and Sleek Shampoo purchased at a Rite Aid pharmacy in Astoria, Queens, New York. The customer complained that the product did not smell or look like authentic Pantene and sent it to Procter & Gamble for testing. The bottle was determined to be counterfeit in both packaging and product. Upon information and belief, Rite Aid purchased that counterfeit product from Victory.

25. Since then, Rite Aid has discovered counterfeit Pantene and Head & Shoulders shampoo in a number of its distribution centers throughout the country, a substantial quantity of which Rite Aid purchased from Victory.

26. Based on the condition of the packaging, the poor quality of the shampoo and the pricing, it is likely that Victory either knew that the products were counterfeit or, at a minimum, was willfully blind to the facts and failed to make diligent inquiry.

First Cause of Action
Federal Trademark Infringement

27. Procter & Gamble repeats and realleges paragraphs 1 through 26 as if fully set forth herein.

28. In violation of 15 U.S.C. § 1114(1)(a), defendants used in commerce, without Procter & Gamble's consent, either a reproduction, counterfeit, copy or colorable

imitation of Procter & Gamble's registered mark in connection with the sale, offering for sale, distribution, or advertising of counterfeit Pantene and/or Head & Shoulders or in connection with which such use that is likely to cause confusion, or to cause mistake or to deceive.

29. Procter & Gamble has been and continues to be damaged by defendants' above-stated activities and conduct. The defendants have profited thereby and, unless enjoined, Procter & Gamble's business, goodwill and reputation will suffer irreparable injury, which cannot be adequately calculated or compensated for solely by money damages.

Second Cause of Action
Federal Trademark Infringement

30. Procter & Gamble repeats and realleges paragraph 1 through 26 as if fully set forth herein.

31. In violation of 15 U.S.C. § 1114(1)(b), some or all of the defendants reproduced, counterfeited, copied or colorably imitated a registered mark belonging to Procter & Gamble and applied such reproduction, counterfeit, copy or colorable imitation to labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used in commerce upon or in connection with the offering for sale, distribution or advertising of counterfeit Pantene and/or Head & Shoulders on or in connection with such use that is likely to cause confusion, to cause mistake or to deceive.

32. Procter & Gamble has been and continues to be damaged by defendants' above-stated activities and conduct. Defendants have profited thereby and, unless enjoined, Procter & Gamble's business, goodwill and reputation will suffer irreparable injury, which cannot be adequately calculated or compensated for solely by money damages.

Third Cause of Action

Federal False Description and False Designation of Origin In Commerce

33. Procter & Gamble repeats and realleges paragraphs 1 through 26 as if fully set forth herein.

34. In violation of 15 U.S.C. § 1125(a)(1)(A), defendants, in connection with the counterfeit Procter & Gamble products, used in commerce a word, term, name, symbol or device, or any combination thereof, or a false designation of origin, false or misleading description of fact or false or misleading representation of fact, which was likely to cause confusion or to cause mistake, or to deceive as to the approval of defendants' goods by Procter & Gamble.

35. Procter & Gamble has been and continues to be damaged by defendants' above-stated activities and conduct. Defendants have profited thereby and, unless enjoined, Procter & Gamble's business, goodwill and reputation will suffer irreparable injury, which cannot be adequately calculated or compensated for solely by money damages.

Fourth Cause of Action

Federal False Advertising

36. Procter & Gamble repeats and realleges paragraphs 1 through 26 as if fully set forth herein.

37. In violation of 15 U.S.C. § 1125(a)(1)(B), some or all of the defendants, in connection with the sale of the counterfeit Procter & Gamble products, used a word, term, name, symbol, or device or any combination thereof, or a false designation of origin, false or misleading description of fact or false or misleading representation of fact, which in commercial

advertising or promotion, misrepresented the nature, characteristics, qualities or geographic origin of the counterfeit Procter & Gamble products.

38. Procter & Gamble has been and continues to be damaged by defendants' above-stated activities and conduct. Defendants have profited thereby and, unless enjoined, Procter & Gamble's business, goodwill and reputation will suffer irreparable injury, which cannot be adequately calculated or compensated for solely by money damages.

Fifth Cause of Action
<u>Federal Dilution of Mark</u>

39. Procter & Gamble repeats and realleges paragraphs 1 through 26 as if fully set forth herein.

40. The Pantene, Pantene Pro-V, Pro-V and Head & Shoulders trademarks and trade dress are both famous and distinctive within the meaning of 15 U.S.C. § 1125(c).

41. Defendants have sold and are continuing to sell counterfeit products bearing the Pantene, Pantene Pro-V, Pro-V and/or Head & Shoulders trademarks and trade dress after such trademarks and trade dress became famous.

42. By selling these counterfeit products, defendants have diluted and are diluting the distinctive quality of a mark or trade name owned by Procter & Gamble in violation of 15 U.S.C. § 1125(c).

43. Procter & Gamble has been and continues to be damaged by defendants' above-stated activities and conduct. Defendants have profited thereby and, unless enjoined, Procter & Gamble's business, goodwill and reputation will suffer irreparable injury, which cannot be adequately calculated or compensated for solely by money damages.

Sixth Cause of Action
New York Dilution of Mark and Injury to Business Reputation

44. Procter & Gamble repeats and realleges paragraphs 1 through 26 as if fully set forth herein.

45. The Pantene, Pantene Pro-V, Pro-V and Head & Shoulders trademarks and trade dress are distinctive within the meaning of New York General Business Law § 360-l.

46. By selling low-quality counterfeit products bearing the Pantene, Pantene Pro-V, Pro-V and/or Head & Shoulders trademarks and trade dress, defendants have injured and are continuing to injure Procter & Gamble's business reputation and/or defendants have diluted and are continuing to dilute the distinctive quality of a mark or trade name owned by Procter & Gamble, in violation of New York General Business Law § 360-l.

47. Procter & Gamble has been and continues to be damaged by defendants' above-stated activities and conduct. Defendants have profited thereby and, unless enjoined, Procter & Gamble's business, goodwill and reputation will suffer irreparable injury, which cannot be adequately calculated or compensated for solely by money damages.

Seventh Cause of Action
New York Deceptive Business Practices

48. Procter & Gamble repeats and realleges paragraphs 1 through 26 as if fully set forth herein.

49. In violation of New York General Business Law § 349, defendants are selling, offering for sale and/or distributing low quality counterfeit products unlawfully bearing the Pantene, Pantene Pro-V, Pro-V and/or Head & Shoulders trademarks.

50. Procter & Gamble has been and continues to be damaged by defendants' above-stated unlawful and deceptive business activities and conduct. Defendants have profited thereby and, unless enjoined, Procter & Gamble's business, goodwill and reputation will suffer irreparable injury, which cannot be adequately calculated or compensated for solely by money damages.

Eighth Cause of Action
Common Law Unfair Competition

51. Procter & Gamble repeats and realleges paragraphs 1 through 26 as if fully set forth herein.

52. In violation of the common law of the state of New York, defendants have unfairly competed with Procter & Gamble by selling the counterfeit products.

53. Procter & Gamble has been and continues to be damaged by defendants' above-stated activities and conduct. Defendants have profited thereby and, unless enjoined, Procter & Gamble's business, goodwill and reputation will suffer irreparable injury, which cannot be adequately calculated or compensated for solely by money damages.

Ninth Cause of Action
Common Law Unjust Enrichment

54. Procter & Gamble repeats and realleges paragraphs 1 through 26 as if fully set forth herein.

55. By selling the counterfeit products bearing Procter & Gamble's valuable trademarks, defendants have been unjustly enriched at Procter & Gamble's expense in violation of New York common law.

56. Procter & Gamble has been and continues to be damaged by defendants' above-stated activities and conduct. Defendants have profited thereby and, unless enjoined, Procter & Gamble's business, goodwill and reputation will suffer irreparable injury, which cannot be adequately calculated or compensated for solely by money damages.

## Relief Sought

Wherefore, plaintiff Procter & Gamble demands judgment against defendants as follows:

(a) that preliminary and permanent injunctions be issued enjoining defendants and their subsidiaries, parents, affiliates, agents, servants, employees, directors, officers and attorneys and those persons in active concert or participation with them:

(i) from using any of the Pantene, Pantene Pro-V, Pro-V or Head & Shoulders trademarks or any marks similar thereto in connection with the sale of any unauthorized goods or the rendering of any unauthorized services;

(ii) from using any logo, trade name or trademark similar to any of the Pantene, Pantene Pro-V, Pro-V or Head & Shoulders trademarks which may be calculated to falsely represent or which has the effect of falsely representing that the services or products of defendants or of third parties are sponsored by, authorized by or in any way associated with Procter & Gamble;

(iii) from infringing any of the Pantene, Pantene Pro-V, Pro-V or Head & Shoulders registered trademarks;

(iv) from otherwise unfairly competing with Procter & Gamble in the sale, offering for sale or distribution of Pantene or Head & Shoulders;

(v) from falsely representing themselves as being connected with Procter & Gamble or sponsored by or associated with Procter & Gamble or engaging in any act which is likely to falsely cause the trade, retailers and/or members of the purchasing public to believe that defendants are associated with Procter & Gamble;

(vi) from using any reproduction, counterfeit, copy, or colorable imitation of any of the Pantene, Pantene Pro-V, Pro-V or Head & Shoulders trademarks in connection with the publicity, promotion, sale, or advertising of counterfeit Pantene or Head & Shoulders sold by defendants bearing a copy or colorable imitation of any of the Pantene, Pantene Pro-V, Pro-V or Head & Shoulders trademarks;

(vii) from affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation including words or other symbols tending to falsely describe or represent such goods as being Pantene or Head & Shoulders and from offering such goods in commerce;

(viii) from diluting the Pantene, Pantene Pro-V, Pro-V or Head & Shoulders trademarks;

(ix) from destroying any records documenting the manufacture, sale or receipt of any counterfeit Pantene or Head & Shoulders; and

(x) from assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (i) through (ix) above; and

(b) ordering that, within thirty days after the entry and service of a preliminary injunction, each defendant serve and file a written report under oath setting forth in detail the manner and form in which it has complied with the injunction; and

(c) ordering that all infringing material be seized, impounded and destroyed; and

(d) awarding to Procter & Gamble from some or all of the defendants punitive damages in an amount to be ascertained at trial, but in no event less than $10 million; and

(e) awarding to Procter & Gamble from some or all of the defendants damages and costs in an amount to be ascertained at trial, trebled, and reasonable costs and attorney's fees; and

(f) awarding to Procter & Gamble from some or all of the defendants any and all profits accounting to defendants' sale and distribution of the counterfeit Pantene or Head & Shoulders; and

(g) awarding to Procter & Gamble from some or all of the defendants pre-judgment and post-judgment interest; and

(h) awarding such other and further relief to Procter & Gamble as may be just and proper under the circumstances.

Dated: New York, New York
July 6, 2004

Kramer Levin Naftalis & Frankel LLP

By: ______________________
Harold P. Weinberger (HP-3240)
Geoffrey Potter (GP-8073)
Yehudis Lewis (YL-9974)

919 Third Avenue
New York, New York 10022
(212) 715-9100

-and-

Fulbright & Jaworski LLP

By: ______________________
Mark N. Mutterperl (MM-1977)
Nathan Alexander (NA3850)

666 Fifth Avenue
New York, New York 10103-3198
(212) 318-3000

Attorneys for Plaintiff
The Procter & Gamble Company