**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THE PROCTER & GAMBLE COMPANY,<br><br>Plaintiff,<br><br>- against -<br><br>XETAL, INC. d/b/a APO HEALTH, INC. and UNIVERSAL MEDICAL DISTRIBUTORS, INC.; ATM, INC.; TRANS CUSTOMS SERVICES; BROTHERS TRADING CO., INC. d/b/a VICTORY WHOLESALE GROCERS a/k/a SK-TORS; AMG WORLDWIDE, INC.; AMG COMMUNICATIONS, CORP.; GARY GRUENBERG; SYLVIE a/k/a SYLVIA GRUENBERG; and JOHN DOES 1-50,<br><br>Defendants. | 04 Civ.2820 (DRH)<br><br>**ANSWER TO FIRST AMENDED COMPLAINT** |

Defendants AMG Worldwide, Inc., Gary Gruenberg and Sylvie a/k/a Sylvia Gruenberg ("Defendants"), by their attorneys, answer Plaintiff's First Amended Complaint as follows:

**The Nature of the Action**

1. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and accordingly deny same.

2. Defendants deny that APO purchased over a million bottles of inferior-quality counterfeit Pantene and Head & Shoulders from Defendants. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2 of the First Amended Complaint and accordingly deny same.

3. Defendants admit that this action purports to seek injunctive and monetary

relief, including treble damages, attorneys fees, profits and pre-judgment and post-judgment interest but deny that such relief is warranted.

**Jurisdiction and Venue**

4. Defendants admit that Paragraph 4 of the First Amended Complaint purports to base jurisdiction on15 U.S.C. § 1121 (a) and 28 U.S.C. §§ 1331, 1338 and 1367 and general principles of ancillary and pendent jurisdiction, but deny that such jurisdiction is appropriate.

5. Defendants admit that Paragraph 5 of the First Amended Complaint purports to base venue on 28 U.S.C. § 1391, but denies that such venue is appropriate.

6. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the First Amended Complaint and accordingly deny same.

7. Defendants admit that Gary and Sylvie a/k/a/ Sylvia Gruenberg reside together as husband and wife in Florida. Defendants deny the remaining allegations in Paragraph 7 of the First Amended Complaint.

8. Defendants admit that Gary Gruenberg is the president of AMG Worldwide, Inc. Defendants further admit that AMG Worldwide, Inc. and Gary and Sylvie Gruenberg share the same address in Florida. Defendants deny the remaining allegations in Paragraph 8 of the First Amended Complaint.

9. Defendants deny the allegations in Paragraph 9 of the First Amended Complaint. AMG Communication, Corp. was administratively dissolved by the State of Florida in 1999.

10. Defendants deny the allegations of Paragraph 10 of the First Amended

Complaint.

11. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the First Amended Complaint and accordingly deny same.

12. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the First Amended Complaint and accordingly deny same.

13. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the First Amended Complaint and accordingly deny same.

14. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the First Amended Complaint and accordingly deny same.

15. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the First Amended Complaint and accordingly deny same.

**The Facts**

16. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the First Amended Complaint and accordingly deny same.

17. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the First Amended Complaint and accordingly deny same.

18. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the First Amended Complaint and accordingly deny same.

19. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the First Amended Complaint and accordingly deny same.

20. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the First Amended Complaint and accordingly deny same.

21. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the First Amended Complaint and accordingly deny same.

22. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the First Amended Complaint and accordingly deny same.

23. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the First Amended Complaint and accordingly deny same.

24. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the First Amended Complaint and accordingly deny same.

25. Defendants admit that Gary Gruenberg, as an employee of AMG Worldwide, Inc., brokered certain transactions between APO and ATM. Defendants deny the

remaining allegations in Paragraph 25 of the First Amended Complaint.

26. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the First Amended Complaint and accordingly deny same.

27. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the First Amended Complaint and accordingly deny same.

28. Defendants deny the allegations in Paragraph 28 of the First Amended Complaint insofar as they relate to Defendants; Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the First Amended Complaint as they relate to the other defendants in this action and accordingly deny same.

**First Cause of Action**
**Federal Trademark Infringement**

29. In response to Paragraph 29 of Plaintiffs' First Amended Complaint, Defendants repeat and re-allege their responses to paragraphs 1 through 28 of Plaintiffs' First Amended Complaint and incorporate the same as if more fully set forth herein at length.

30. Defendants deny the allegations in Paragraph 30 of the First Amended Complaint insofar as they relate to Defendants; Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the First Amended Complaint as they relate to the other defendants in this action and accordingly deny same.

.

31. Defendants deny the allegations in Paragraph 31 of the First Amended Complaint insofar as they relate to Defendants; Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the First Amended Complaint as they relate to the other defendants in this action and accordingly deny same.

**Second Cause of Action**
**Federal Trademark Infringement**

32. In response to Paragraph 32 of Plaintiffs' First Amended Complaint, Defendants repeat and re-allege their responses to paragraphs 1 through 32 of Plaintiffs' First Amended Complaint and incorporate the same as if more fully set forth herein at length.

33. Defendants deny the allegations in Paragraph 33 of the First Amended Complaint insofar as they relate to Defendants; Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the First Amended Complaint as they relate to the other defendants in this action and accordingly deny same.

34. Defendants deny the allegations in Paragraph 34 of the First Amended Complaint insofar as they relate to Defendants; Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the First Amended Complaint as they relate to the other defendants in this action and accordingly deny same.

**Third Cause of Action**
**Federal False Description and False Designation of Origin in Commerce**

35. In response to Paragraph 35 of Plaintiffs' First Amended Complaint, Defendants repeat and re-allege their responses to paragraphs 1 through 34 of Plaintiffs' First Amended Complaint and incorporate the same as if more fully set forth herein at length.

36. Defendants deny the allegations in Paragraph 36 of the First Amended Complaint insofar as they relate to Defendants; Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the First Amended Complaint as they relate to the other defendants in this action and accordingly deny same.

37. Defendants deny the allegations in Paragraph 37 of the First Amended Complaint insofar as they relate to Defendants; Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the First Amended Complaint as they relate to the other defendants in this action and accordingly deny same.

**Fourth Cause of Action**
**Federal False Advertising**

38. In response to Paragraph 38 of Plaintiffs' First Amended Complaint, Defendants repeat and re-allege their responses to paragraphs 1 through 37 of Plaintiffs' First Amended Complaint and incorporate the same as if more fully set forth herein at length.

39. Defendants deny the allegations in Paragraph 39 of the First Amended

Complaint insofar as they relate to Defendants; Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the First Amended Complaint as they relate to the other defendants in this action and accordingly deny same.

40. Defendants deny the allegations in Paragraph 40 of the First Amended Complaint insofar as they relate to Defendants; Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the First Amended Complaint as they relate to the other defendants in this action and accordingly deny same.

**Fifth Cause of Action**
**Federal Dilution of Mark**

41. In response to Paragraph 41 of Plaintiffs' First Amended Complaint, Defendants repeat and re-allege their responses to paragraphs 1 through 40 of Plaintiffs' First Amended Complaint and incorporate the same as if more fully set forth herein at length.

42. Defendants deny the allegations in Paragraph 42 of the First Amended Complaint insofar as they relate to Defendants; Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the First Amended Complaint as they relate to the other defendants in this action and accordingly deny same.

43. Defendants deny the allegations in Paragraph 43 of the First Amended Complaint insofar as they relate to Defendants; Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the First Amended Complaint as they relate to the other defendants in this action and

accordingly deny same.

44. Defendants deny the allegations in Paragraph 44 of the First Amended Complaint insofar as they relate to Defendants; Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 of the First Amended Complaint as they relate to the other defendants in this action and accordingly deny same.

45. Defendants deny the allegations in Paragraph 45 of the First Amended Complaint insofar as they relate to Defendants; Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of the First Amended Complaint as they relate to the other defendants in this action and accordingly deny same.

**Sixth Cause of Action**
**New York Dilution of Mark and Injury to Business Reputation**

46. In response to Paragraph 46 of Plaintiffs' First Amended Complaint, Defendants repeat and re-allege their responses to paragraphs 1 through 45 of Plaintiffs' First Amended Complaint and incorporate the same as if more fully set forth herein at length.

47. Defendants deny the allegations in Paragraph 47 of the First Amended Complaint insofar as they relate to Defendants; Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 of the First Amended Complaint as they relate to the other defendants in this action and accordingly deny same.

48. Defendants deny the allegations in Paragraph 48 of the First Amended Complaint insofar as they relate to Defendants; Defendants lack knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraph 48 of the First Amended Complaint as they relate to the other defendants in this action and accordingly deny same.

49. Defendants deny the allegations in Paragraph 49 of the First Amended Complaint insofar as they relate to Defendants; Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 of the First Amended Complaint as they relate to the other defendants in this action and accordingly deny same.

**Seventh Cause of Action**
**New York Deceptive Business Practices**

50. In response to Paragraph 50 of Plaintiffs' First Amended Complaint, Defendants repeat and re-allege their responses to paragraphs 1 through 49 of Plaintiffs' First Amended Complaint and incorporate the same as if more fully set forth herein at length.

51. Defendants deny the allegations in Paragraph 51 of the First Amended Complaint insofar as they relate to Defendants; Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 of the First Amended Complaint as they relate to the other defendants in this action and accordingly deny same.

52. Defendants deny the allegations in Paragraph 52 of the First Amended Complaint insofar as they relate to Defendants; Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 of the First Amended Complaint as they relate to the other defendants in this action and accordingly deny same.

**Eighth Cause of Action**
**Common Law Unfair Competition**

53. In response to Paragraph 53 of Plaintiffs' First Amended Complaint, Defendants repeat and re-allege their responses to paragraphs 1 through 52 of Plaintiffs' First Amended Complaint and incorporate the same as if more fully set forth herein at length.

54. Defendants deny the allegations in Paragraph 54 of the First Amended Complaint insofar as they relate to Defendants; Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 of the First Amended Complaint as they relate to the other defendants in this action and accordingly deny same.

55. Defendants deny the allegations in Paragraph 55 of the First Amended Complaint insofar as they relate to Defendants; Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 of the First Amended Complaint as they relate to the other defendants in this action and accordingly deny same.

**Ninth Cause of Action**
**Common Law Unjust Enrichment**

56. In response to Paragraph 56 of Plaintiffs' First Amended Complaint, Defendants repeat and re-allege their responses to paragraphs 1 through 55 of Plaintiffs' First Amended Complaint and incorporate the same as if more fully set forth herein at length.

57. Defendants deny the allegations in Paragraph 57 of the First Amended Complaint insofar as they relate to Defendants; Defendants lack knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraph 57 of the First Amended Complaint as they relate to the other defendants in this action and accordingly deny same.

58. Defendants deny the allegations in Paragraph 58 of the First Amended Complaint insofar as they relate to Defendants; Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 of the First Amended Complaint as they relate to the other defendants in this action and accordingly deny same.

Defendants make no response to the "Relief Sought" portion of the First Amended Complaint in that it contains no factual allegations.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

59. Plaintiff's First Amended Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

60. This Court lacks personal jurisdiction over Defendants.

### Third Affirmative Defense

61. Defendants have not used Plaintiff's marks in commerce.

### Fourth Affirmative Defense

62. Defendants did not reproduce, counterfeit, copy or colorably imitate a registered mark belonging to Plaintiff.

**Fourth Affirmative Defense**

63. Defendants did not sell any counterfeit products.

**Fifth Affirmative Defense**

64. If Plaintiff sustained any injuries and/or damages as a result of the activities of Defendants alleged in the First Amended Complaint, all of which is and has been denied by Defendants herein, then any such damages will have been caused, in whole or in part, by the culpable conduct of ATM.

WHEREFORE, Defendants respectfully request that the First Amended Complaint be dismissed with prejudice, that the Court award Defendants their costs and attorneys fees, and that this Court grant such other and further relief as it deems proper.

Dated: October 11, 2004
New York, New York

Respectfully submitted,

**Gottlieb, Rackman & Reisman, P.C.**
Attorneys for Defendants
AMG Worldwide, Inc., Gary Gruenberg and
Sylvie a/k/a Sylvia Gruenberg
270 Madison Avenue
New York, New York 10016
(212) 684-3900

By: s/ Marc P. Misthal /
Maria A. Savio (MS 7756)
Marc P. Misthal (MM 6636)

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing Defendants' Answer to the First Amended Complaint was served by First Class Mail on the 11th day of October, 2004 on the attorneys for Plaintiff, namely:

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Geoffrey Potter
Yehudis Lewis
919 Third Avenue
New York, New York 10022

AND

FULBRIGHT & JAWORSKI L.L.P.
Mark N. Mutterperl
Nathan T. Alexander
666 Fifth Avenue
New York, New York 10103

s/ Marc P. Misthal /
Marc P. Misthal