FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ APR 10 2006 ★
LONG ISLAND OFFICE

**UNITED STATES DISCTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

THE PROCTER & GAMBLE COMPANY,

Plaintiffs,

- against -

XETAL, INC., et al,

Defendants.

04 Civ. No. 2820 (DRH)

**ANSWER AND CROSS CLAIM TO THIRD AMENDED COMPLAINT**

COMES NOW, GARY GRUENBERG, appearing *in propria persona* and for Answer to the Third Amended Complaint in the above numbered and entitled cause respectfully aver:

## NATURE OF THE ACTION

1. Denied for want of sufficient information to otherwise plead.
2. Denied.
3. Denied for want of sufficient information to otherwise plead.

## JURISDICTION AND VENUE

4. Denied for want of sufficient information to otherwise plead.
5. Denied for want of sufficient information to otherwise plead.
6. Denied for want of sufficient information to otherwise plead.
7. Admitted as to the residence of Gary Gruenberg in Florida, otherwise denied.
8. Admitted insofar as Gruenberg is the principal and owner of AMG, otherwise denied.
9. Denied, Defendants demand strict proof thereof.
10. Denied.

11. Denied for want of sufficient information to otherwise plead.
12. Denied for want of sufficient information to otherwise plead.
13. Denied for want of sufficient information to otherwise plead.
14. Denied for want of sufficient information to otherwise plead.
15. Denied for want of sufficient information to otherwise plead.
16. Denied for want of sufficient information to otherwise plead.
17. Denied for want of sufficient information to otherwise plead.
18. Denied for want of sufficient information to otherwise plead.
19. Denied for want of sufficient information to otherwise plead.
20. Denied for want of sufficient information to otherwise plead.
21. Denied for want of sufficient information to otherwise plead.
22. Denied for want of sufficient information to otherwise plead.
23. Denied for want of sufficient information to otherwise plead.
24. Denied for want of sufficient information to otherwise plead.
25. Denied for want of sufficient information to otherwise plead.
26. Denied for want of sufficient information to otherwise plead.
27. Denied for want of sufficient information to otherwise plead.
28. Denied for want of sufficient information to otherwise plead.
29. Denied for want of sufficient information to otherwise plead.
30. Denied for want of sufficient information to otherwise plead.
31. Denied for want of sufficient information to otherwise plead.
32. Denied for want of sufficient information to otherwise plead.
33. Denied for want of sufficient information to otherwise plead.

34. Denied for want of sufficient information to otherwise plead.

35. Denied for want of sufficient information to otherwise plead.

36. Denied for want of sufficient information to otherwise plead.

## THE FACTS

37. Denied for want of sufficient information to otherwise plead.

38. Denied for want of sufficient information to otherwise plead.

39. Denied for want of sufficient information to otherwise plead.

40. Denied for want of sufficient information to otherwise plead.

41. Denied for want of sufficient information to otherwise plead.

42. Denied for want of sufficient information to otherwise plead.

43. Denied for want of sufficient information to otherwise plead.

44. Denied for want of sufficient information to otherwise plead.

45. Denied for want of sufficient information to otherwise plead.

46. Denied.

47. Denied.

48. Denied for want of sufficient information to otherwise plead.

49. Denied for want of sufficient information to otherwise plead.

50. Denied for want of sufficient information to otherwise plead.

51. Denied for want of sufficient information to otherwise plead.

52. Denied for want of sufficient information to otherwise plead.

53. Denied for want of sufficient information to otherwise plead.

54. Denied for want of sufficient information to otherwise plead.

55. Denied for want of sufficient information to otherwise plead.

## FIRST CAUSE OF ACTION
## FEDERAL TRADEMARK INFRINGEMENT

56. Denied for want of sufficient information to otherwise plead.

57. Denied.

58. Denied for want of sufficient information to otherwise plead.

## SECOND CAUSE OF ACTION
## FEDERAL TRADEMARK INFRINGEMENT

59. Denied for want of sufficient information to otherwise plead.

60. Denied for want of sufficient information to otherwise plead.

61. Denied for want of sufficient information to otherwise plead.

## THIRD CAUSE OF ACTION
## FEDERAL FALSE DESCRIPTION AND FALSE DESIGNATION OF ORIGIN IN COMMERCE

62. Denied for want of sufficient information to otherwise plead.

63. Denied for want of sufficient information to otherwise plead.

64. Denied for want of sufficient information to otherwise plead.

## FOURTH CAUSE OF ACTION
## FEDERAL FALSE ADVERTISING

65. Denied for want of sufficient information to otherwise plead.

66. Denied for want of sufficient information to otherwise plead.

67. Denied for want of sufficient information to otherwise plead.

## FIFTH CAUSE OF ACTION
## FEDERAL DILUTIUON OF MARK

68. Denied for want of sufficient information to otherwise plead.

69. Denied for want of sufficient information to otherwise plead.

70. Denied.

71. Denied for want of sufficient information to otherwise plead.

72. Denied for want of sufficient information to otherwise plead.

SIXTH CAUSE OF ACTION
NEW YORK DILUTION OF MARK AND INJRY TO BUSINESS REPUTATION

73. Denied for want of sufficient information to otherwise plead.

74. Denied for want of sufficient information to otherwise plead.

75. Denied for want of sufficient information to otherwise plead.

76. Denied for want of sufficient information to otherwise plead.

SEVENTH CAUSE OF ACTION
NEW YORK DECEPTIVE BUSINESS PRACTICES

77. Denied for want of sufficient information to otherwise plead.

78. Denied.

79. Denied for want of sufficient information to otherwise plead.

EIGHTH CAUSE OF ACTION
COMMON LAW UNFAIR COMPETITION

80. Denied for want of sufficient information to otherwise plead.

81. Denied for want of sufficient information to otherwise plead.

82. Denied for want of sufficient information to otherwise plead.

NINTH CAUSE OF ACTION
COMMON LAW UNJUST ENRICHMENT

83. Denied for want of sufficient information to otherwise plead.

84. Denied for want of sufficient information to otherwise plead.

85. Denied for want of sufficient information to otherwise plead.

AND FOR FURTHER ANSWER, these Defendants further aver, with respect:

AFFIRMATIVE DEFENSES

**First Affirmative Defense**

86. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

**Second Affirmative Defense**

87. This Court lacks personal jurisdiction of Defendant.

**Third Affirmative Defense**

88. The Complaint fails to allege facts with sufficient particularity.

**Fourth Affirmative Defense**

89. Plaintiff has failed to join all necessary parties.

**Fifth Affirmative Defense**

90. Defendant has not used Plaintiff's marks in commerce.

**Sixth Affirmative Defense**

91. Defendant did not reproduce, counterfeit, copy or colorably imitate a registered mark belonging to Plaintiff.

**Seventh Affirmative Defense**

92. Defendant did not sell any counterfeit products.

**Eighth Affirmative Defense**

93. All actions of Defendant Gary Gruenberg Complained of were carried out in his capacity as an officer of Defendant AMG Worldwide, Inc.

**CROSS-CLAIMS**

AND FOR FURTHER ANSWER, and assuming the role of Cross-Claim Plaintiff, Defendant GARY GRUENBERG further avers:

**Parties, Jurisdiction and Venue**

1. AMG Worldwide, Inc. ("AMG") is a corporation organized under the laws of the State of Florida, with its principal place of business in the County of Miami-Dade, State of Florida.

2. Upon information and belief Defendant ATM has a principal place of business in the country of Panama. Jurisdiction over ATM is proper pursuant to FRCP 4(k)(1) and (2) and pursuant to C.P.L.R. § 302.

3. The Court has jurisdiction over the Cross-Claim pursuant 28 U.S.C.1332 and 1367.

4. Venue is proper pursuant to 28 U.S.C. 1391.

**Facts Common to Cross-Claim**

5. AMG acted solely as broker to ATM and its role was limited to that of a broker.

6. AMG did not manufacture, sell, ship or distribute any products that are the subject of this suit.

7. AMG never had possession or title to any products made the subject of this suit.

FIRST CAUSE OF ACTION: INDEMNIFICATION

8. Cross-Claim Plaintiff repeats and re-avers all prior allegations as if set forth herein *in extensor* and further avers:

9. That if Plaintiff sustained any injury or damage as alleged in the Complaint, then any such damage will have been caused in whole or in part by the culpable conduct of Defendant ATM.

10. That Defendant ATM is primarily liable for any damages sustained by Plaintiff and is therefore required to indemnify Cross-Claim Plaintiffs, including but not limited to any damages, costs and attorney's fees for which Cross-Claim Plaintiffs may be cast in judgment.

11. That the amount of damages that Cross-Claim Plaintiffs may be entitled to is not at this time known.

SECOND CAUSE OF ACTION: CONTRIBUTION

12. Cross-Claim Plaintiffs repeat and re-aver all prior allegations as if fully set forth herein *in extenso* and further aver:

13. In the event that Plaintiff recovers a verdict or judgment against AMG or Gruenberg then such damages contained in said judgment will have been caused in whole or in part by the culpable conduct of ATM.

14. That Cross Plaintiffs are therefore entitled to contribution from ATM in accord with ATM's relative culpability.

WHEREFORE, Cross-Claim Plaintiffs pray that:

A. An Order declaring ATM liable to Cross-Claim Plaintiff for any damages sustained by Plaintiff;

B. An Order requiring ATM to assume all obligations and to indemnify and hold harmless Cross-Claim Plaintiff from any damages or judgment for which it may be cast;

C. An Order that Cross-Claim Plaintiff is entitled to contribution from ATM;

D. An award of damages to Cross-Claim Plaintiff for ATM's culpable conduct in an amount to be determined at trial on the merits; and

E. For such other relief as law, equity and the nature of the case shall require.

Respectfully submitted,

GARY GRUENBERG
*In propria persona*
1000 W. Island Blvd. #1009
Aventura, FL 33160
305-491-3878

By:________________________
Gary Gruenberg

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing has been filed in the Office of the Clerk for the United States District Court, Eastern District of New York and a true and correct copy of the same has been provided to counsel listed below via U.S. Mail on this 3rd day of April, 2006.

Stanley Goodman, Esq.
Goodman & Saperstein
666 Old Country Road
Suite 406
Garden City, NY 11530

Joseph Goldberg, Esq.
Bondy & Schloss LLP
60 East 42nd Street
New York, NY 10165

Guy Taft, Esq.
Straus & Troy, LPA
The Federal Reserve Building
150 East Fourth Street
Cincinnati, OH 45202

Alan Pullin, Esq.
Webber & Pullin, LLP
7600 Jericho Turnpike
Suite 200
Woodbury, NY 11797

Geoffrey Potter, Esq.
Yehudis Lewis, Esq.
Kramer, Levin, Naftalis & Frankel LLP
919 Third Avenue
New York, NY 10022-3852

Adam R. Bialek, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker
3 Gannett Drive
White Plains, NY 10604

Mark Mutterperl, Esq.
Nathan Alexander, Esq.
Fulbright & Jaworski LLP
666 Fifth Avenue
New York, NY 10103

Andre K. Cizmarik, Esq.
Edwards & Angell, LLP
750 Lexington Avenue
New York, NY 10022

Don Gonzalez, Esq.
Weston Professional Plaza
1820 N. Corporate Lakes Blvd., Suite 201
Weston, FL 33326

Council Rock Medical Supply, Inc.
2000 Island Blvd., Suite 2203
Aventura, FL 33160

DLR Distribution, Inc.
11295 Seagrass Circle
Boca Raton, FL 33498

Global Marketing Center
18205 Biscayne Blvd., Suite 2201
Aventura, FL 33160

Alan Cohen
18205 Biscayne Blvd., Suite 2201
Aventura, FL 33160

Top General Merchandise
820 Williams Avenue
Brooklyn, NY 11207

David Minsky
820 Williams Avenue
Brooklyn, NY 11207

Dr. Jan Stahl
3590 Oceanside Road
Oceanside, NY 11572

Herman Donnenfeld
777 West End Avenue #12C
New York, NY 10025-5551

GARY GRUENBERG
*Pro Se*
1000 W. Island Blvd. #1009
Aventura, FL 33160
305-491-3878

By: ______________________
Gary Gruenberg