GARY GRUENBERG
1000 W. ISLAND BLVD
SUITE 1009
MIAMI, FLORIDA 33160

*March 13, 2007*

***BY CERTIFIED LETTER US POST OFFICE***

Honorable Dennis R. Hurley
United States District Judge
United States District Court
Eastern District of New York
100 Federal Plazas
Central Islip, New York 11772

Re: **The Procter & Gamble Company vs. Xetal, Inc., et al**
**Case No. 04 Civ. 2820(DRH)**

Dear Judge Hurley:

I, Gary Gruenberg, Defendant represent myself. I do not have the sources of savings or income to hire attorneys to challenge two of the largest law firms in New York with unlimited resources provided by their client Proctor and Gamble. I submit this letter in opposition to Plaintiff, The Proctor & Gamble Company's ("P&G") Notice of Motion dated February 1, 2007, in so far as it seeks that it's Motion for Summary Judgment be granted without a fair trial. Contrary to P&G's, Memorandum of Law, the Statement of Undisputed Facts, the Declarations of Geoffrey Potter, the Affidavit of Miguel De La Cruz, Gary Gruenberg's unknowing involvement in the distribution of allegedly counterfeit Pantene and Head & Shoulders shampoo purchased by ATM, Inc. from other sources and sold, does not entitle P&G to a summary judgment and an award of damages as a matter of law.

Defendant, Gary Gruenberg respectfully disputes and opposes the P&G Memorandum of Law as it does not support the motion under Federal Rules of Civil Procedure Rule 56 for an order awarding its summary judgment, a permanent injunction, statutory damages, pre-judgment interest, punitive damages and attorney's fees against defendant Gary Gruenberg.

## PRELIMINARY STATEMENT

Plaintiff's claim of overwhelming evidence thru comprehensive discovery, including hundreds of hours of testimony, thousands of pages of documents and two ex parte seizures proves absolutely nothing against the Defendant, Gary Gruenberg. What the evidence shows is that the Defendant did not manufacturer, transport, have title to, have possession of, and purchase and sell the merchandise that is in dispute. Furthermore, the merchandise in question was sold and delivered in Curacao, outside the US Jurisdiction, and upon inspection and acceptance by experienced buyers of these types of commodities. The buyers, Jan Stahl, APO Health (Xetal, Inc.) and Alan Cohen, Global Marketing per their statements during their depositions as provided in the evidence Exhibit A & B confirm that they were dealing directly with Harrick who represented ATM, Inc. The invoices submitted by Plaintiff in Exhibit D will show that these products were purchased directly from Harrick representing ATM, not Gary Gruenberg, Defendant.

Gary Gruenberg has not done anything to obstruct P & G's investigation or to coerce P&G into dropping this lawsuit. Defendant did not destroy any evidence and surely was not involved in any way of filing a class action suit against P & G for not letting the public know that there was allegedly 500,000 bottles of counterfeit P&G products on the market.

Plaintiff's attorneys are trying to use evidence under seal against Gruenberg which they refuse to turn over to Gruenberg for evaluation. I thought this happens in China and Russia but not in the USA. I am asking that your honor have the Plaintiff's attorneys turn over ALL evidence which they plan to use against me.

As a result of these outrageous claims by P&G they should not be entitled to any relief whatsoever, and Defendant should be entitled to a dismissal of this case or at least a chance to go to trial to clear his name. Therefore, Defendant requests the court to deny Plaintiff's motion for summary judgment.

## STATEMENT OF FACTS

### A. No Counterfeiting Scheme

Defendant Harrick, a resident of Panama, runs an import export distribution business called Latin Import SA since 1981 and carries a large variety of grocery products, health and beauty aids and other general merchandise. These include private as well as national brands.

As you may be aware, P&G products are made all over the world. International licensed factories make the same national products with various packaging options such as sold in the USA. Distributors buy excess product from the factory and sell to markets needing these products at an agreeable price. This channel of distribution is the usual not the exception and continues to exist today. Stores like Loehman's, TJ Maxx, Marshalls, Costco, Wal-Mart, BJ Price Club and others would not exist today without these channels of distribution.

Gruenberg has never met or communicated with Defendant Paul Chou in any way shape or form. Gruenberg is not involved in any counterfeiting ring.

In October 2004, P&G thru a court order, searched the offices and warehouses of Harrick and Latin Import and the Panamanian court found in their final report no evidence of any counterfeiting activity and the case was closed. If your honor wants a copy of that report we can provide it or you can request it from the Panamanian court by a letter of ragotory.

P&G alleges that Gruenberg repeatedly admits that he conspired with Harrick and Chou. That is totally denied. There is no evidence of any communications between Gruenberg and Mr. Chou. There is no evidence of any communications between Harrick and Mr. Chou mentioning Gruenberg.

The De La Cruz Affidavit attached to Plaintiff's motion clearly states that Gruenberg's email address is: Cruis4U@earthlink.net. However, when reviewing Plaintiff's own Declaration you will not see any emails going to or coming from that address. What you see from Exhibit A-F is inconsistent email addresses, names, questionable timing between alleged email conversations and responses coming before the questions. We suspect as did the attorneys of other defendants attending the deposition of Gary Gruenberg, that the emails used as evidence may have been tampered with as the headers on these Exhibit A-F are different (not consistent with normal email address patterns). We also suspect why an expert will sign an affidavit with so many mistakes. We also believe that the emails on Exhibit A-F which Plaintiff said came from the search of Harricks offices will not be reflected on the report provided to the Panamanian Court. There is not any evidence of direct email responses or discussions from Gary Gruenberg related to counterfeiting activities.

Plaintiff refers to Exhibit 1B of De La Cruz affidavit stating that Gruenberg repeatedly admits that he conspired with Harrick and Chou. Gruenberg denies this as the communications is clearly between Mr. Chow and Mr. Harrick without any communication from or mention of Gruenberg. I am upset that the Plaintiff after spending $5 million on their investigation continues to make false claims without any undisputable evidence.

Plaintiff alleges the products sold were counterfeit yet where and when was their a recall of this product if it will cause problems? If Plaintiff knows the products can

cause problems don't they have a responsibility to have a recall? Or is it more likely that the merchandise was Grey Market Merchandise and not counterfeit as alleged?

## B. Gruenberg Denies He Deliberately Destroyed Key Evidence

Plaintiff attorneys have evidence of a hard drive failure in Gruenberg's computer more than two weeks prior to being served the subpoena. Gruenberg provided receipts for the purchase of a new hard drive which was later returned. Gruenberg provided Dell service case number for failure of computer and services trying to fix computer. This is all documented. When it was determined the computer was not repairable Gruenberg returned the new hard drive for a refund. Contrary to Plaintiff's statements Gruenberg still had computer at location and never stated that he threw it away.

On August 10, 2004 Gruenberg called P&G's attorneys about the subpoena. Gruenberg had Harrick call P&G attorneys. Harrick said he would cooperate to close the supplier if the merchandise was actually counterfeit. I told P&G counsel they can come to inspect as the subpoena said. I asked them to let me know when they wanted to come. They arrived the next day, unannounced, and I did not let them thru the guard gate as my young daughter had friends over and I wanted to avoid a barrage of people coming to our home. I told them they can come back later or tomorrow. The next thing you know is they arrive the next day with this *ex parte seizure* order and searched my home. Again it's amazing that Plaintiff's attorneys can get away telling a judge whatever they want while having the contrary evidence mentioned above in their hands. This whole section is story telling by P&G attorneys while they have the receipts and case number from Dell before even being served the subpoena.

## C. Gruenberg Denies Trying To Coerce P&G Into Dropping the Action

Gruenberg had nothing to do with this law suit. Michael Miller said to me that he wondered why P&G was not taking responsibility making a recall on merchandise

they know was counterfeit unless they really though the products were grey market.

P&G had the case dismissed but denied sanctions.

There was an Omnibus Order (1) Finding Plaintiffs Have Shown Good Cause Why The Court Should Not Impose Sanctions Against Them; And (2) Dismissing the Case with Prejudice.

This was signed by Judge Patricia A. Seitz on November 23, 2005 yet Plaintiff's attorney Geoffrey Potter knowing this, still took it upon himself to make false statements on his web site and on this statement of facts to your honor.

## ARGUMENTS

### B. Gruenberg Denies Knowingly Manufactured And Sold 11 Different SKUs of Counterfeit Pantene and Head & Shoulders

This evidence is disputable because the email message dated August 28, 2003 was alleged to have been sent to an email address other than the on associated with Gruenberg as De La Cruz states on the affidavit. Second, the email is to Fred not Gary Gruenberg. Why would Chou not send this email to Gary Gruenberg directly or copied? Finally, there is no email response from Gruenberg to either Fred or Chou.

The email on September 3, 2003 again the conversation is between Fred and Paul and supposedly forwarded to an email other than that associated with Gruenberg by De La Cruz affidavit. Again there is no email response from Gruenberg to either Fred or Paul.

The email on September 16, 2003 again the conversation is between Fred and Paul and supposedly forwarded to an email other than that associated with Gruenberg by De La Cruz affidavit. Also in you will notice the header in the subject line one says : Fw: info and the other says: Re: info.

Plaintiff further makes a claim that twenty-four minutes later, without providing any proof whatsoever, that Gruenberg conferred with Harrick. Again Plaintiff makes allegations without any email to back it up.

After spending $5 million on their investigation by Plaintiff attorneys, two *ex parte seizure*, a court ordered search in Panama, totally disputable and maybe falsified evidence, no email correspondences or responses from Gruenberg on Harricks computers, no direct communications between Harrick, Chou with Gruenberg, no documents with Gruenberg's name on it, only proves that Gruenberg did not know and was not involved in the manufacturing and sale of counterfeit products. Therefore, P&G is NOT entitled to judgment against Gruenberg as a matter of law.

## P&G IS NOT ENTITLED TO INJUNCTIVE RELIEF AND ENHANCHED DAMAGES AS A MATTER OF LAW

After Plaintiff's attorneys spent $5 million dollars on their investigation. including two *ex parte seizure*. a court ordered search in Panama. very disputable evidence and outrageous claims. no email correspondences or responses from Gruenberg on Harricks computers. no direct communications between Harrick. Chou with Gruenberg. no documents with Gruenberg's name on it. only proves that Gruenberg did not know and was not involved in the manufacturing and sale of counterfeit products. Therefore. P&G is NOT entitled to Injunctive Relief and Enhanced Damages against Gruenberg as a matter of law.

**A. <u>P&G Is Not Entitled To Permanent Injunctive Relief</u>**

After Plaintiff's attorneys spent $5 million dollars on their investigation. including two *ex parte seizure*. a court ordered search in Panama. very disputable evidence and outrageous claims. no email correspondences or responses from Gruenberg on Harricks computers. no direct communications between Harrick. Chou with Gruenberg. no documents with Gruenberg's name on it. only proves that Gruenberg did not know and was not involved in the manufacturing and sale of counterfeit products. Therefore. P&G is NOT entitled to Permanent Injunctive Relief against Gruenberg as a matter of law.

**B. <u>P&G Is Not Entitled To $11 Million In Statutory Damages</u>**

After Plaintiff's attorneys spent $5 million dollars on their investigation. including two *ex parte seizure*. a court ordered search in Panama. very disputable evidence and outrageous claims. no email correspondences or responses from Gruenberg on Harricks computers. no direct communications between Harrick. Chou with Gruenberg. no documents with Gruenberg's name on it. only proves that Gruenberg did not know and was not involved in the manufacturing and sale of counterfeit products. Therefore. P&G is NOT entitled to $11 Million in Statutory Damages against Gruenberg as a matter of law.

**C. <u>P&G Is Not Entitled To Attorney's Fees and Costs</u>**

After Plaintiff's attorneys spent $5 million dollars on their investigation. including two *ex parte seizure*. a court ordered search in Panama. very disputable evidence and outrageous claims. no email correspondences or responses from Gruenberg on Harricks computers. no direct communications between Harrick. Chou with Gruenberg. no documents with Gruenberg's name on it. only proves that Gruenberg did not know and was not involved in the manufacturing and sale of counterfeit products. Therefore. P&G is NOT entitled to Attorney's Fees and Costs against Gruenberg as a matter of law.

**D. <u>P&G Is Not Entitled to Punitive Damages</u>**

After Plaintiff's attorneys spent $5 million dollars on their investigation. including two *ex parte seizure*. a court ordered search in Panama. very disputable evidence and outrageous claims. no email correspondences or responses from Gruenberg on Harricks computers. no direct communications between Harrick. Chou with Gruenberg. no documents with Gruenberg's name on it. only proves that Gruenberg did not know and was not involved in the manufacturing and sale of counterfeit products. Therefore. P&G is NOT entitled to Punitive Damages against Gruenberg as a matter of law.

**CONCLUSION**

For the foregoing reasons. Defendant. Gary Gruenberg respectfully requests that Plaintiff's. P&G motion for summary judgment be denied.

Dated March 13. 2007

By: ______________________
Gary Gruenberg

1000 W. Island Blvd
Suite 1009
Miami. Florida 33160