UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

THE PROCTER & GAMBLE COMPANY,

Plaintiff,

- against -

XETAL, INC., D/B/A APO HEALTH, INC., et al.,

Defendants.

No.: 04 Civ. 2820 (DRH)

CONSENT JUDGMENT AND PERMANENT INJUNCTION

Plaintiff The Procter & Gamble Company ("Procter & Gamble"), having filed its Third Amended Complaint on June 20, 2005 (the "Complaint"), against, *inter alia*, defendants APO Health, Inc., and Dr. Jan Stahl ("Stahl") (collectively, the "APO Defendants"), and the APO Defendants having consented to the entry of this Consent Judgment and Permanent Injunction to be binding on the APO Defendants, the APO Defendants' officers, directors, successors, affiliates, parents, subsidiaries, employees, and all persons in active concert or participation therewith who receive notice thereof:

NOW, THEREFORE, upon the consent of the parties hereto,

IT IS ORDERED, ADJUDGED and DECREED that final judgment in favor of Procter & Gamble and against the APO Defendants be entered as follows:

1. This Court has jurisdiction of the subject matter of all counts of this action and over all the parties hereto.

2. APO Defendants acknowledge that ~~The~~ plaintiff's registered trademarks and trade dress for Pantene, Pantene Pro-V, Pro-V ( "Pantene") and Head & Shoulders, described in the Complaint filed in this action ("Trademarks and/or Trade Dress"), which Complaint is Exhibit A hereto, incorporated herein and made a part hereof, are good, valid and enforceable in law, and the APO Defendants do not DRH

25691862.1
1267609.1

contest that plaintiff is the sole proprietor of all right, title and interest in and to said Trademarks and Trade Dress.

3. Procter & Gamble alleges that the APO Defendants engaged in various acts including distributing, advertising, offering for sale and selling in commerce certain hair care products bearing counterfeits and infringements of Procter & Gamble's Trademarks and/or Trade Dress which were not manufactured or authorized by Procter & Gamble ("Counterfeit Pantene and Head & Shoulders Products").

4. Procter & Gamble alleges that the actions of the APO Defendants constitute, among other things, counterfeiting, trademark infringement and unfair competition under the laws of the United States and the State of New York, causing irreparable harm to Plaintiff and causing likelihood of confusion to the public.

5. The parties have agreed to resolve their differences and have entered into a Settlement Agreement. The parties have further agreed to dismiss this lawsuit pursuant to the terms set forth in the Settlement Agreement and the APO Defendants consent to this Consent Judgment and Permanent Injunction.

6. The APO Defendants' officers, directors, successors, affiliates, parents, subsidiaries, employees and any person or entity in active concert or participation with any of the foregoing who receive notice hereof, are hereby permanently enjoined and restrained:

(a) from manufacturing Pantene or Head & Shoulders products.

(b) from directly or indirectly infringing the Trademarks and/or Trade Dress in any manner, including generally but not limited to manufacturing, selling, offering for sale, advertising and distributing any Counterfeit Pantene and Head & Shoulders Products, that infringe said Trademarks and/or Trade Dress, and

specifically (i) using said Trademarks and/or Trade Dress, or each of them or any marks similar thereto, or any reproduction, counterfeit, copy, or colorable imitation of said Trademarks and/or Trade Dress, in connection with the manufacture, distribution, advertising, sale, offering for sale, or other use on Counterfeit Pantene and Head & Shoulders Products or (ii) applying said Trademarks and/or Trade Dress, or any such reproduction, counterfeit, copy, or colorable imitation, to any label, sign, print, package, wrapper, receptacle, or advertisement used in connection with the manufacture, distribution, advertising, sale, or offering for sale, of Counterfeit Pantene and Head & Shoulders Products;

(c) from using any trademark, trade name, trade dress logo, or design that tends falsely to represent, or is likely to confuse, mislead, or deceive purchasers, the APO Defendants' customers, or members of the public, that Counterfeit Pantene and Head & Shoulders Products sold by the APO Defendants originate from Procter & Gamble, or that Counterfeit Pantene and Head & Shoulders Products have been sponsored, approved or licensed by, or are associated with Procter & Gamble or are in some way connected or affiliated with Procter & Gamble;

(d) from engaging in any conduct which tends falsely to represent, or is likely to confuse, mislead, or deceive purchasers, the APO Defendants' customers, and/or members of the public, to believe that the APO Defendants are connected with Procter & Gamble, or are sponsored, approved or licensed by Procter & Gamble, or are in some way connected or affiliated with Procter & Gamble;

(e) from affixing, applying, annexing or using in connection with the manufacture, distribution, advertising, sale, or offering for sale a false description or representation, including words or other symbols tending falsely to describe or represent such goods as being those of Procter & Gamble;

(f) from diluting and infringing the aforementioned Trademarks and/or Trade Dress; and

(g) from assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (f) above.

7. The APO Defendants and their officers, directors, successors, affiliates, parents, subsidiaries, employees, and all persons, firms and corporations in active concert or participation with the APO Defendants shall not buy or sell any Pantene or Head and Shoulder products purportedly manufactured by the plaintiff unless they have reason to know that the product is authentic.

8. For a period of three (3) years commencing upon entry of this injunction, the APO Defendants, herein, agree to cooperate fully with Procter & Gamble in any actions or proceedings by Procter & Gamble against other manufacturers, distributors or retailers of Counterfeit Pantene and Head & Shoulders products that bear any of Procter & Gamble's trademarks or any reproductions, counterfeits, copies or colorable imitations thereof. The APO Defendants further agree, upon Procter & Gamble's attorneys' request, to provide Procter & Gamble with full, complete and truthful information, including affidavit, deposition, and/or trial testimony and production of documents, with the APO Defendants' knowledge relating to the

manufacture, sale, offering for sale, and/or distribution of such counterfeit products. The information to be provided pursuant to this paragraph shall include but not be limited to the APO Defendants' involvement with, or knowledge of, any individuals, organizations, or group of individuals, operating either locally, nationally or internationally, involved in the manufacture, offering for sale, sale or distribution of the counterfeit products. Any reasonable travel expenses for appearances outside of the city where the APO Defendants reside will be borne by Procter & Gamble.

9. For three (3) years after the date of this agreement, should the APO Defendants purchase or otherwise receive any products purporting to be genuine Pantene and Head & Shoulders products, or receive an offer to buy such products, from anyone other than a seller reasonably believed to be authorized by Procter & Gamble to sell such products, within ten (10) days of receipt of such products or offer, the APO Defendants shall forward such offer or samples of such goods for inspection by agents of Procter & Gamble. If Procter & Gamble determines that any such products are counterfeit or infringing, the APO Defendants shall immediately turn over such products to Procter & Gamble's attorneys and provide Procter & Gamble's attorneys with full, complete and truthful information relating to such products, as set forth in Paragraph 8 herein.

10. All information, requests, and samples required to be provided under this injunction shall be furnished to Procter & Gamble's counsel listed below.

11. The APO Defendants represent that they have no remaining inventory of the Counterfeit Pantene and Head & Shoulders Products.

12. The Court shall retain jurisdiction to construe, enforce, or implement this Consent Judgment and Permanent Injunction upon the application of any party.

STIPULATED AND APPROVED:

By ______________________
Mark N. Mutterperl
Fulbright & Jaworski L.L.P.
666 Fifth Avenue, 31st Floor
New York, New York 10103-3198
Telephone: (212) 318-3000
Telecopier: (212) 318-3400

Geoffrey Potter
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Telecopier: (212) 715-8402

*Attorneys for Plaintiff*
*The Procter & Gamble Company*

Dated: 3/20/07

By ______________________
Adam R. Bialek
Wilson Elser Moskowitz Edelman & Dicker LLP
3 Gannett Drive
White Plains, New York 10604-3407
Telephone: 914-323-7000
Telecopier: 914-323-7001
*Attorneys for Defendant*
*Dr. Jan Stahl*

Dated: 3/5/07

By: ______________________
Allan Pullin
Weber & Pullin, LLP
7600 Jericho Turnpike – Suite 200
Woodbury, New York 11797

*Attorneys for Defendant*
*APO Health, Inc.*

Dated: 3/1/07

SO ORDERED:

Dated: 3/21/07

______________________
UNITED STATES DISTRICT JUDGE

25691862.1
1267609.1