UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| THE PROCTER & GAMBLE COMPANY, Plaintiff, v. XETAL, INC., et. al. Defendants. | X : : : : : : : : : X | 04 Civ. 2820 (DRH)(WDW) <br> <u>Declaration of Geoffrey Potter</u> |

GEOFFREY POTTER, declares as follows, under penalty of perjury, pursuant to 28 U.S.C. § 1746:

1. I am a Member of the Bar of this Court and am with the law firm of Kramer Levin Naftalis & Frankel LLP, which together with co-counsel Fulbright & Jaworski L.L.P., are attorneys for plaintiff, The Procter & Gamble Company ("Procter & Gamble" or "Plaintiff").

2. Attached to this declaration are true and correct copies of the following documents:

A Attached hereto as Exhibit A are excerpts from the January 19, 2005 deposition testimony of Gary Gruenberg of AMG Worldwide and AMG Communications.

B Attached hereto as Exhibit B is the Affidavit of Jeremy Klass dated July 5, 2004, with exhibit.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 27, 2007.

Geoffrey Potter



KL3 2582352.1

# Exhibit A

THE PROCTER & GAMBLE CO. VS. XETAL, INC.

GARY GRUENBERG - 1/19/05

CONCORDANCE AND CONDENSED TRANSCRIPT
PREPARED BY:

Ellen Grauer
COURT REPORTING, LLC
worldwide!

133 EAST 58TH STREET, SUITE 1201, NEW YORK, NEW YORK 10022
PHONE: (212) 750-6434 FAX: (212) 750-1097
WWW.ELLENGRAUER.COM

Page 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
THE PROCTER & GAMBLE COMPANY
Plaintiff
-v- 04 Civ. No. 2820 (DRH)
XETAL, INC., d/b/a
APO Health, Inc., et al.
Defendants
ALCOA, INC. and
REYNOLDS METALS COMPANY
Plaintiffs
-v- 04 Civ. No. 1225 (DRH)
ATM, INC.; LATIN IMPORT SRL, S.C.,
a/k/a LATIN IMPORT PANAMA, S.A.,
XETAL, INC. d/b/a APO HEALTH, INC.
and UNIVERSAL MEDICAL DISTRIBUTORS,
INC., et al.
Defendants
VIDEOTAPED DEPOSITION OF GARY GRUENBERG
January 19, 2005
Fort Lauderdale, Florida

ELLEN GRAUER COURT REPORTING CO., LLC.
133 East 58th Street, Suite 1201
New York, New York
212-750-6434
Ref: 76193

Page 2

VIDEOTAPED DEPOSITION OF
GARY GRUENBERG,
taken on Wednesday, January 19, 2005 at 2:00 P.M., at Conference Room 370 at Pier 66 Hyatt Regency Hotel, 2301 Southeast 17th Street, Fort Lauderdale, Florida, before Lori Byrd, RPR, CRR, Court Reporter and Notary Public in and for the State of Florida.

* * *

APPEARANCES

ON BEHALF OF PROCTER & GAMBLE, ALCOA AND REYNOLDS COMPANY:
GEOFFREY POTTER, ESQUIRE
Kramer Levin Naftalis & Frankel, L.L.P.
919 Third Avenue
New York, New York 10022
PHONE 212-715-9402
FAX 212-715-9402
E-MAIL gpotter@kramerlevin.com

Page 3

ALSO ON BEHALF OF PROCTER & GAMBLE, ALCOA, INC., AND REYNOLDS METALS COMPANY:
MARK N. MUTTERPERL, ESQUIRE
Fulbright & Jaworski, L.L.P.
666 Fifth Avenue
New York, New York 10103-3198
PHONE 212-318-3183
FAX 212-318-3400
E-MAIL mmutterperl@fulbright.com

ON BEHALF OF APO HEALTH, INC., AND DR. JAN STAHL:
ADAM BIALEK, ESQUIRE
Wilson, Elser, Moskowitz, Edelman & Dicker, L.L.P.
100 Southeast Second Street
Suite 3800
Miami, Florida 33131
PHONE 914-323-7000
FAX 914-323-7001

Page 4

ON BEHALF OF GARY GRUENBERG AND SILVIE GRUENBERG, AMG WORLDWIDE, AND AMG COMMUNICATIONS:
MICHAEL R. MILLER, ESQUIRE
LAW OFFICES OF MICHAEL R. MILLER
801 NE 167TH STREET
NORTH MIAMI BEACH, FLORIDA 33162
PHONE 305-455-2040
FAX 305-445-2050

ON BEHALF OF BROTHERS TRADING COMPANY, d/b/a VICTORY WHOLESALE GROCERS (VIA SPEAKERPHONE):
R. GUY TAFT, ESQUIRE
Straus & Troy, L.P.A.
The Federal Reserve Building
150 East Fourth Street
Cincinnati, Ohio 45202
PHONE 513-621-2102

Page 41

talking about perfume now? Or are you
talking about the shampoo?
MR. POTTER: Now I'm talking about the
shampoo I thought –
THE WITNESS: It was the shampoo.
BY MR. POTTER:
Q. It was the shampoo that Mark Jones
called you back about.
A. Yeah.
Q. And had you told him that you were
offering Head & Shoulders and Pantene shampoo?
A. At the moment, I didn't know exactly
what I was getting. So I mentioned Procter &
Gamble.
Q. Procter & Gamble –
A. Hair care products.
Q. And did you attempt to determine from
them which varieties of Procter & Gamble hair care
products they would be interested in?
A. No. Because I didn't know what I was
getting. But they – if I'm correct, they said
all. All brands.
Q. And –
MR. TAFT: Who are "they" that said
"all brands"?

Page 42

THE WITNESS: I think Quality King.
MR. TAFT: Does that mean they were
interested in all brands that you could get
of P & G products?
THE WITNESS: Correct. As well as
other brand names also.
BY MR. POTTER:
Q. So when you made your initial call to
Quality King about the sale of hair care products,
did you know that the product was going to be made
available in –
A. At that moment, no.
Q. So to the best of your recollection,
you didn't tell them whether the product would be
available – where the product would be available;
just that you would have the product – should I
restate that question? Did you understand it?
Let me restate it.
At the time you talked to them, you
didn't make any representation as to where the
product would be available.
A. Correct.
Q. You didn't say whether it would be a
domestic purchase or an overseas purchase;
correct?

Page 43

A. Correct.
Q. Did there come a time when you offered
to sell batteries to Quality King?
A. Not to them directly, no.
Q. You sold batteries to APO that you
understood would be purchased by Quality King?
MR. BIALEK: Objection.
A. No. No. Nobody ever tells me who
their customer is.
BY MR. POTTER:
Q. But when I say "not directly," what do
you mean?
A. Well, I never offered Quality King
batteries.
Q. Do you understand that they did at some
point purchase batteries that were sold by you?
A. No.
Q. Okay. So just so I can summarize it,
it's your testimony that, at the time Quality King
introduced you to Jan Stahl at APO, that Quality
King didn't know whether the products you were
offering were going to be offered domestically, or
at an international location; correct?
A. That's correct. I didn't know, either.
Q. Are you certain of that?

Page 44

A. Yes.
Q. Now, you did eventually sell hair care
products, Procter & Gamble hair care products to
APO; correct?
A. I introduced APO to Fred, who had the
contact at ATM.
Q. And they actually purchased the hair
care product – and they actually purchased hair
care products from ATM.
A. Okay.
Q. You agree with that?
A. Yes.
Q. They did get the hair care products
through that contact.
A. Yes.
Q. We'll get into that in more detail, but
just sort of in broad brush -- so APO purchased
hair care products.
Who else purchased Procter & Gamble
hair care products that you introduced? Or had
anything to do with the transaction?
A. Global.
Q. Global?
A. Yes.
Q. Who else?

# Exhibit B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| THE PROCTER & GAMBLE COMPANY,<br><br>Plaintiff,<br><br>- against -<br><br>XETAL, INC. d/b/a APO HEALTH, INC. and UNIVERSAL MEDICAL DISTRIBUTORS, INC.; ATM, INC.; TRANS CUSTOMS SERVICES; BROTHERS TRADING CO., INC. d/b/a VICTORY WHOLESALE GROCERS a/k/a SK-TORS; and JOHN DOES 1-50,<br><br>Defendants. | X<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>X | 04 Civ.2820 (DRH)<br><br><br><br>Declaration of Jeremy Klass |

I, Jeremy Klass, declare:

1. I am an attorney employed in the Intellectual Property Division of plaintiff The Procter & Gamble Company ("Procter & Gamble"). I make this declaration, on personal knowledge, in support of Procter & Gamble's Order to Show Cause.

2. On May 25, 2004, I was notified by Alfred Paliani, General Counsel for Quality King Distributors, Inc. ("Quality King"), a distributor of health care and beauty aid products based in Suffolk County, New York, that Quality King had received a shipment of 91 pallets of 13.5 ounce bottles of Pantene Pro-V Hydrating Curls Shampoo and Pantene Pro-V Classic Clean Shampoo, which he believed might be counterfeit. Mr. Paliani invited Procter & Gamble to inspect the products at Quality King's warehouse to determine whether or not they were counterfeit.

3. Shortly thereafter, on June 2, 2004, Kyle Klas, a senior packaging engineer at Procter & Gamble, and I appeared at Quality King's warehouse to inspect the

products. Based on his on-site inspection, Mr. Klas was immediately able to determine that the products are counterfeit in packaging. I have been advised that chemical analysis has determined that the contents of the bottles are counterfeit as well.

4. At Procter & Gamble's request, Quality King has alerted its customers about the counterfeit Pantene and has agreed to turn over any remaining counterfeit Pantene products still in its possession to Procter & Gamble for destruction.

5. Mr. Paliani advised me that Quality King purchased the counterfeit Pantene bottles from defendant APO, Health Inc. ("APO") in Oceanside, New York. He also provided me with invoices, (annexed as Exhibit A), reflecting that transaction. The last three digits of the UPC numbers on the counterfeit sample bottles (451 and 452) also appear on those invoices. The invoices also reflect that APO shipped those products to Quality King through defendant Trans Customs Services ("TCS").

6. I also learned from Mr. Paliani that APO purchased the counterfeit products from defendant ATM, Inc. APO also supplied Mr. Paliani with invoices, (annexed as Exhibit B), reflecting the sale of the counterfeit Pantene products between ATM, Inc. and APO.

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is true and correct.

Executed on July 5 2004

Jeremy Klass



KL3:2347858.2

Trans Customs Services
Mailing Address: P.O. Box 59-0745, Miami, FL 33159
Street Address: 1812 NW 82nd Ave, Miami, FL 33126
Tel (305) 499-9922 Fax (305) 499-9420
E-mail: spbrophy@transcustoms.com
Home Page: http://www.transcustoms.com

| DATE | OUR REF. NO. |
|---|---|
| 1/23/04 | 51247 APO/16043 |

THE MERCHANDISE DESCRIBED BELOW WILL BE ENTERED AND/OR FORWARDED AS FOLLOWS:

| CARRIER | | | LOCATION | ORIGIN / DESTINATION PORT |
|---|---|---|---|---|
| B / L OR AWB NO. | ARR. / DEPT. DATE | FREE TIME EXP. | LOCAL DELIVERY OR TRANSFER BY (DELIVERY ORDER ISSUED TO) GSN RT TRUCKING | |
| | HOUSE NO. | | ENTRY-B / L NO. | CUST. REF. NO. |

**FOR DELIVERY TO:**

QUALITY KING
2060 NINTH AVE
ROKONKOMA, NY 11779
613-439-2211

PERINSTRUCTION
RLS
16043

**ROUTE**

| NO. OF PKGS. | DESCRIPTION OF ARTICLES, SPECIAL MARKS & EXCEPTIONS | WEIGHT | DO NOT USE |
|---|---|---|---|
| 710 CS | HSS802 HEAD & SHOULDERS —1 | 36,346.# | |
| 259 CS | PAN452 PANTENE | | |
| 178 CS | PAN451 PANTENE —5 | | |
| 173 CS | PAN453 PANTENE | | |
| 150 CS | PAN450 PANTENE | | |
| 523 CS | HSS804 HEAD & SHOULDERS —4 | | |
| 479 CS | HSS803 HEAD & SHOULDERS | | |
| 240 CS | HSS799 HEAD & SHOULDERS +6 | | |
| | 2722 CS. ON 24 PALLETS/ 0 PALLLETS OFF<br>SEAL #0024996<br>CO: 01 00423 02262 APO HEALTH<br>1666049-5 SHIP DOC 104/02/17<br>LB#BOL<br>(PART 1 OF 2) | | |

**INLAND FREIGHT**
ORIGINAL DELIVERY ORDER

PREPAID / COLLECT: COLLECT

TRAN-CUSTOMS SERVICES
AGENTS FOR: APO
PER: [signature]

Received in Good Order
By: [signature]
24 skids

DELIVERY CLERK: DELIVER TO CARRIER SHOWN ABOVE

#8516

# ATM, inc
Willemstad, Curacao
Tel. 599-9-8339219 Fax 599-9-8339218

Invoice # 237

## INVOICE

Client

Name: APO Health
Address: 3580 Oceanside Road
City: Oceanside, NY 11572
Phone: Att. Dr. Jan Stahl

Date: 19-Nov-03
Order #

| Doz. | Description | Price | Amount |
|---|---|---|---|
| 598 | Pantene Shampoo 8087600450 PAN 450 | 23.40 | 13,888.00 |
| 598 | Pantene Shampoo 8087600451 PAN 451 | 23.40 | 13,948.40 |
| 804 | Head & Shoulder Shampoo 3700033803 | 23.88 | 19,199.52 |
| 2,098 | Head & Shoulder Shampoo 3700033804 | 23.88 | 50,052.48 |
| 150 | #452 | 23.17 | |
| 4/0 | 473 | 22 | |