GARY GRUENBERG
1000 W. ISLAND BLVD
SUITE 1009
MIAMI, FLORIDA 33160

June 07, 2007

**AFFIDAVIT**

**BY CERTIFIED LETTER US POST OFFICE**

Honorable Dennis R. Hurley
United States District Judge
United States District Court
Eastern District of New York
100 Federal Plazas
Central Islip, New York 11772

Re: **The Procter & Gamble Company vs. Xetal, Inc., et al**
**Case No. 04 Civ. 2820(DRH)**

Dear Judge Hurley:

Defendant, Gary Gruenberg, respectfully submits this reply memorandum of law in further support of its opposition under Federal Rules of Civil Procedure Rule 56 for an order awarding Plaintiff's motion for summary judgment, permanent injunction, statutory damages, punitive damages and attorneys' fees.

Defendant, Gary Gruenberg respectfully disputes and opposes this motion for summary judgment as it does not contain any material fact as a matter of law. The facts which Plaintiff wants this court to consider is totally disputable which a reasonable jury may find in the favor of the defendant.

Can a court, in the context of a summary judgment request, award summary judgment in an action to the moving party if the non-moving party had evidence that a reasonable jury might disbelieve its claim. The purpose of a summary judgment is to determine if the evidence is so one-sided that a party should prevail as a matter of law. Summary judgments will not lie if there is a sufficient likelihood that a reasonable jury would return a verdict favorable to the non-moving party. In this case it must be decided whether a reasonable jury could conclude with convincing clarity that material facts as a matter of law exists and are not disputable in a jury trial. The mere assertion by a plaintiff that a defendant's opposition to summary judgment is deficient as there is no genuine issues is insufficient because a reasonable jury might disbelieve the plaintiff's evidence at trial upon cross examination under scrutiny. Any doubts as to the propriety of granting the motion must be resolved in favor of the party opposing the motion.

There are "genuine" disputes in this case about the material facts presented by Plaintiff as a matter of law.

## ANSWERS TO ARGUMENTS

First, the emails which P&G alleged were sent to Gruenberg from Harrick's office were not received by Gruenberg. Please note, in the third revised De La Cruz Affidavit and P&G's Original and Further Memorandum of Law in Support of Summary Judgment that P&G didn't provide an answer to or produce any of the ISP transaction logs, the RFC data and Audit Trail which at trial will prove to be an insufficient material fact which a reasonable jury could conclude is not valid. Gruenberg did not receive or answer by email, in writing or by telephone any of the alleged emails. Emails provide by P&G about other products not related to P&G were not received and are not relevant to this case. There are no emails, written and/or verbal communications from Gruenberg conspiring with Harrick to manufacture and sell 11 different SKUS of counterfeit Pantene and Head & Shoulders shampoo. There are no emails, written and/or verbal communications from Gruenberg to Paul Chou conspiring to manufacture and sell any P&G products. There are no depositions, interrogatories and admissions on file to support any evidence of a conspiracy between Gruenberg, Harrick and/or Chow.

Second, Gruenberg didn't directly sell P&G products to APO Health and Global Marketing. Gruenberg referred APO Health and Global Marketing to Harrick and between them over time consummated orders. Gruenberg from time to time collected and forwarded deposits through AMG Worldwide, Inc. Gruenberg would receive copies of purchase orders and invoices to collect a commission upon delivery of merchandise which occurred outside of the USA. Gruenberg never saw, bought or sold, transported, imported or exported any merchandise. Merchandise deliveries were always inspected for by APO and Global Marketing and signed off on all those inspections. Gruenberg operated in an open, clear and transparent way. Gruenberg never concealed any evidence, obstructed P&G;s investigation or coerced P&G into dropping this lawsuit.

Third, Plaintiff has again provided two self serving last minute declarations neither being notarized which does not clear up the factual issues regarding the variances in the various packaging which were inspected by Kyle Klas and Jan Grammerstorf, both a P&G employee. (Potters Second Declaration Exhibit C & D) P&G claims to have inspected counterfeit shampoo merchandise, some with and without spelling errors on the bottles and case packs and also had various conflicting packaging variations. Some products were packaged one way some other ways. Some shampoos SKU's had misprints on the labels others quantities of the same SKU's were spelled correctly. What this means is that there are so many variations of the same merchandise. APO Health and Global Marketing purchased P&G products from other suppliers as can be verified at trial. Their clients Quality King and Victory have a past history of buying and selling counterfeit P&G shampoos as can be confirmed by the Plaintiff. They could have easily mixed their old inventory with the new and sold their counterfeit merchandise to the stores to recover what could have been a major loss. Quality King was sued by P&G for selling counterfeit Head & Shoulders and Pantene shampoo. Later Quality King countersued P&G alleging that P&G was the actual supplier of the counterfeit merchandise. It's suspicious to say the least, that Quality King used the purchase of legitimate merchandise to unload their counterfeit. P&G has never shown that the merchandise in question was purchased from ATM. P&G makes claims wanting it both ways claiming that all the merchandise came from ATM without providing proof. At

trial after further discovery, any evidence presented and in addition to these two last minute non-notarized declarations can be cross examined under scrutiny.

Fourth. Gruenberg may not have been the subject of the Panama proceeding however P&G is using evidence allegedly obtained from that action. Gruenberg makes a genuine dispute with P&G that in fact a finding of no evidence of any wrongdoing was concluded and we find it hard to believe the P&G attorneys don't know anything about that material fact as a matter of law. Evidence of that finding will be used at trial.

Finally, contrary to P&G's statement about a ruling by Honorable Patricia A. Seitz of the US District Court of the Southern District of Florida, she did not make any rulings on the merits of the case. She made a procedural ruling in nature only. The question is whether P&G should have made a recall of the alleged bad products as P&G claimed in a deposition that the products were contaminated and can harm the public. Yet in the end they took no public action to make a recall. P&G again wants to have it both ways, call it harmful but don't make a recall. Anyways, those issues have nothing to do with this case. (Potters Second Declaration Exhibit D)

Because, as shown above, these assertions are disputably false and/or do create genuine issues of material fact, Defendant, Gary Gruenberg is entitled as a matter of law to go to trial and to request your honor to deny the Plaintiff's Motion For Summary Judgment.

**CONCLUSION**

For the foregoing reasons, Defendant, Gary Gruenberg respectfully requests that P&G's Motion for Summary Judgment be Denied as to Liability, Entitled to Injunctive Relief and Enhanced Damages, Statutory Damages, Punitive Damages, Attorney Fees, Investigative Costs and Prejudgment Interest.

Dated: June 07, 2007

By: ______________________
Gary Gruenberg

1000 W. Island Blvd
Suite 1009
Miami, Florida 33160

Sworn to before me this 8TH
Day of June, 2007

PAULINE COHEN
MY COMMISSION # DD 312542
EXPIRES: April 21, 2008
Bonded Thru Notary Public Underwriters

______________________
Notary Public